IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HARRISON TYRONE BEASON,    )
                Petitioner,    )    1:06-cv-308
                )
    v.                 )
                )
LOUIS FOLINO, et al.,    )
                Respondents.    )

## **MEMORANDUM ORDER**

This petition for writ of habeas corpus was received by the Clerk of Court on December 26, 2006 and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Thereafter, service was made on Respondents Louis Folino, the District Attorney of Erie County, and the State Attorney General. Their respective answers were due on April 11, 2007, April 18, 2007, and April 11, 2007. In accordance with common court practice in this jurisdiction, the instant petition was referred to the Erie County District Attorney's office because it relates to criminal charges prosecuted in the Erie County Court of Common Pleas. (*See* Letter to Brad Foulk from Attorney General's Office [8].) On April 18, 2007, the Erie County District Attorney timely filed a responsive brief in opposition to the petition [9].

On May 29, 2007, Petitioner filed a "Motion to Have Pleadings Rules Upon as Filed Inter Alia Default Judgment" [sic] [12]. Essentially, Petitioner sought to have a default judgment entered against all Respondents in the case. That motion was denied as moot by text order entered on September 26, 2007, as Respondents had already filed a timely response to the petition.

Presently pending before the Court is the Chief Magistrate Judge's Report and Recommendation, filed on January 15, 2008 [16], recommending that the petition for writ of habeas corpus be denied and that a certificate of appealability be denied as well.

The parties were allowed ten (10) days from the date of service in which to file objections. Service was made on Petitioner by certified mail at SCI Greene, where he is incarcerated, and on Respondents. Objections were filed by Petitioner on January 24, 2008 [18].

That same day, Petitioner filed a document styled "Motion for Recusal of Judge McLaughlin and Magistrate Judge Baxter Inter Alia Appearance of Impriety [sic]" [17]. As grounds for this motion, Petitioner alleges that Magistrate Judge Baxter and the undersigned have "abandoned their role of being neutral and detached and instead became advocates for the respondents." *Id.* at ¶ 2. Petitioner's only basis for this allegation is the fact that Judge Baxter: (1) accepted the District Attorney's brief in opposition to the petition as a timely response on behalf of all Respondents and (2) has recommended that the instant petition be denied. These actions do not implicate any conduct on the part of the undersigned that would constitute grounds for recusal. In fact, up to this point in the litigation, I had not issued any rulings at all concerning the case. Moreover, the complained-of actions do not constitute grounds for recusal by Judge Baxter because they concern matters intrinsic to the judicial proceeding at hand.

Pursuant to §455(a), a presiding federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). The test for recusal is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *U.S. v. Jordan*, 49 F.3d 152, 156 (5th Cir.1995). *Accord Clemens v. United States District Court for the Central District of California*, 428 F.3d 1175, 1178 (9th Cir. 2005); *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

Generally, "beliefs or opinions which merit recusal must involve an extrajudicial factor." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004)

(internal quotation marks and citation omitted). Absent the existence of such an extrajudicial factor, the record must evince a "deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible." *Liteky v. United states*, 510 U.S. 540, 555 (1994). Here, the record could not support a finding of an extrajudicial factor causing impartiality or such a high degree of favoritism or antagonism on my part, or Judge Baxter's, so as to make fair judgment in future proceedings impossible.

Finally, it should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (Per Mr. Justice Rehnquist, on motion to recuse). *See also Clemens*, 428 F.3d at 1179; *Sensley*, 385 F.3d at 598-99; *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Accordingly, this 19th day of February, 2008,

IT IS HEREBY ORDERED that Petitioner's "Motion for Recusal of Judge McLaughlin and Magistrate Judge Baxter Inter Alia Appearance of Impriety [sic]" [17] is DENIED.

Furthermore, after de novo review of the petition and documents in the case, together with the Report and Recommendation and Petitioner's objections thereto,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus be, and hereby is, DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue.

The Report and Recommendation of Chief Magistrate Judge Baxter, dated January 15, 2008 [16], is adopted as the opinion of this Court.

/s Sean J. McLaughlin
SEAN J. McLAUGHLIN
United States District Judge

cm: All parties of record.
Chief U.S. Magistrate Judge Susan Paradise Baxter